The judgment of the Common Pleas Court will be reversed and the decision of the Board of Liquor Control will be affirmed.

*Judgment reversed.*

Bryant, P. J., and Duffy, J., concur.

McLaughlin, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.

In re Appropriation of Easement for Highway Purposes over Property of Bauermeister.

(No. 6047—Decided June 16, 1959.)

*Messrs. McClelland & McClelland*, for appellees Clara E. Bauermeister, Howard F. Bauermeister and Norman H. Bauermeister.

*Messrs. Maugan, Vacca & Braun*, for appellants William Tunison and Mary Tunison.

Bryant, P. J. The sole question for determination arises upon the motion filed on behalf of William and Mary Tunison,

defendants, appellants herein, making application for leave "to present the evidence which was taken in the court below" and for an order that the appeal be tried on questions of law and fact solely on the testimony which was taken in the court below.

We note that the notice of appeal designates this as an appeal on questions of law and fact and that a bond for appeal was fixed at $5,000 as a condition for the staying of the execution of the judgment.

According to the memorandum in support of the motion the parties have not agreed on a stipulation in writing as to the evidence to be considered by this court. In such case, under the provisions of Rule V, A (2), of the Rules of the Courts of Appeals, the parties are required to file with the clerk a notice stating what part of the evidence received in the trial court each party elects to present. We shall treat the motion filed in this case as the election of defendants, appellants herein, William and Mary Tunison, to present all the evidence taken in the court below as the evidence in this case and further to restrict the evidence in this court to that which was received in the court below. It is indicated in the motion and memorandum that a copy was served on the opposing counsel. So far as we can learn the appellees have voiced no opposition and made no election as to the evidence they choose to rely upon. In as much as the 25-day period given to the appellees has long since run, we can only assume that they are satisfied with the determination made by the Tunisons.

The motion and election of the Tunisons appear to be reasonable and proper, and, as the proceedings and testimony already have been reduced to writing, they will be filed in this case. We note that this document has not been allowed as a bill of exceptions, and we have not found, nor has it been called to our attention, that the 78 pages labelled, "Proceedings and Testimony," have ever been exhibited to the adversaries of the Tunisons.

It is therefore directed that this document be filed as soon as possible after the journalizing of this decision and that it become the sole evidence to be considered in this case.

*Judgment accordingly.*

Duffy, J., concurs.
Miller, J., not participating.

(Decided November 10, 1959.)

On Motion to dismiss.

Bryant, P. J.  Counsel for Clara E. Bauermeister, Howard F. Bauermeister and Norman H. Bauermeister, appellees herein, have moved to dismiss the appeal of William and Mary Tunison, appellants herein, for failure to file their trial brief within 20 days after the filing of all the testimony in the case as required by Rule V, B, of the Rules of the Courts of Appeals of Ohio.

Examination of the record shows the bill of exceptions was filed in this court July 30, 1959, and 34 days had elapsed on September 2, 1959, when the motion to dismiss was filed without any trial brief having been filed.  Under date of September 5, 1959, the appellants' trial brief was filed in triplicate.

Rule V, B, of the Rules of the Courts of Appeals reads as follows:

"Unless otherwise ordered by the court or a judge thereof, upon appeals on questions of law and fact, when all the testimony to be presented has been filed in the cause, the party having the burden of going forward shall within twenty (20) days thereafter file with the clerk his trial brief in triplicate.  The opposite party shall within fifteen (15) days thereafter file his answer brief in triplicate, and the reply brief thereto in triplicate shall be filed within five (5) days thereafter."

Rule VII, D, (1), of the Rules of the Courts of Appeals, reads as follows:

"Upon failure of the appellant to file his bill of exceptions, assignments of error, briefs or trial briefs as herein required, unless good cause is shown to the contrary, the cause will be dismissed for want of prosecution or otherwise disposed of at the discretion of the court."

Counsel for appellants contends that the last quoted rule applies only to appeals on questions of law.  With that we cannot agree for the reason the rule itself mentions "briefs or trial

biiefs'' and the heading above this rule reads ''Applicable to All Briefs.''

Counsel for appellants says that he was in Europe at the time the bill of exceptions was filed and did not return to the United States until August 28, 1959. The journal entry, which incorporated the opinion rendered by this court on June 16, 1959, was for some reason not filed until August 4, 1959. It was this journal entry which made effective the court's determination, on motion of the appellant, that the evidence in the case should consist of and be limited to the evidence in the court below. Thus the bill of exceptions was filed before the journal entry with respect thereto. Without expressly deciding that a trip to Europe and absence from the country is good cause for the late filing of a trial brief and solely in the interest of justice and upon the facts peculiar to this case, the motion to dismiss will be, and hereby is, overruled.

*Motion overruled.*

DUFFY, J., concurs.
MILLER, J., not participating.